PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RALPH ANTHONY UNDERWOOD, ) | |
| ) | CASE NO. 4:13CV02853 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| GARY C. MOHR, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

Before the Court is *pro se* Plaintiff Ralph Anthony Underwood's *in forma pauperis* 42 U.S.C. § 1983 Complaint (ECF No. 1) filed against Ohio Department of Rehabilitation and Corrections ("ODRC") Director Gary C. Mohr, ODRC Assistant Director Steve Huffman, ODRC Chief of Staff Linda Jones, ODRC North Regional Director of Prisons Jesse Williams, Trumbull Correctional Institution (TCI) Warden Christopher LaRose, John Doe #1 TCI deputy warden, John Doe #2 TCI major, John Doe #3 TCI captain, John Doe #4 TCI lieutenant, John Doe #5 TCI sergeant, John Doe #6 TCI officer, Jane Doe #7 TCI officer, John Doe #8 TCI officer, John Doe #9 TCI officer, John Doe #10 TCI officer, and John Doe #11 TCI officer. Plaintiff, formerly incarcerated at TCI, asserts Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.

**I. Background**

In early September 2012, Plaintiff performed porter duties in the TCI Segregation Unit with another inmate, Fugate, who was fired for stealing. Plaintiff alleges that when Fugate complained

(4:13CV02853)

about his termination, Defendant John Doe #6 stated in the presence of Fugate and other inmates that "if the job loss wasn't inmate Fugate's fault, inmate Underwood must have set up inmate Fugate to be fired." ECF No. 1 at PageID #: 7. Plaintiff was subsequently "harassed, threatened and assaulted" by other inmates because of the John Doe #6 statement. The assaults involved other inmates throwing urine at Plaintiff from inside their cells. A TCI captain temporarily placed Fugate in a cell where he could not harass Plaintiff, but days later John Doe #3 placed Fugate back in a cell where he was again able to harass Plaintiff. On September 18, 2012, Jane Doe #7 told Plaintiff to unlock the security box of one of the inmates who was harassing him, and the inmate threw urine on Plaintiff.

Plaintiff further alleges TCI officers in the Segregation Unit followed a procedure to prevent harassment of Plaintiff whereby they warned Plaintiff when they were retrieving gang members from their cells to permit Plaintiff to move to a different area. However, on September 19, 2012, John Does # 9 and 10 neglected to notify Plaintiff that Fugate was being removed from his cell, and they did not securely handcuff and search Fugate when they removed him. Fugate then attacked Plaintiff from behind with a razor blade that John Doe #11 had not retrieved from Fugate. Plaintiff also alleges that John Doe # 5 "lured" him to an area in which Fugate would be present, and that, according to Fugate, John Doe #4 instructed Fugate to attack Plaintiff. ECF No. 1 at PageID # : 15.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

(4:13CV02853)

fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. Discussion

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

(4:13CV02853)

right.  *See, e.g.,* Paul v. Davis, 424 U.S. 693, 699–701 (1976); *Baker*, 443 U.S. at 146–47.  Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States.  *Baker*, 443 U.S. at 140 (citation omitted).

The Eighth Amendment to the United States Constitution requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)).  However, not "every injury suffered by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with deliberate indifference to a substantial risk that another prisoner would cause the Plaintiff serious harm.  *Id.* at 834.

As a threshold matter, Plaintiff seeks to hold ODRC and TCI supervisory Defendants liable based solely on their roles as supervisors.  However, *respondeat superior* is not a proper basis for liability under § 1983.  *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984).  Liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421.  Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).  "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*

(4:13CV02853)

Second, while Plaintiff claims John Doe #5 lured him to a place where he would be vulnerable to assault, and that John Doe #4 instructed Fugate to commit the assault, the Complaint does not set forth a reasonable factual basis for these assertions. *Cf. Iqbal*, 556 U.S. at 680 (allegations that defendants "knew of, condoned, and willfully and maliciously agreed" to subject plaintiff to harsh conditions of confinement insufficient to plausibly suggest discriminatory state of mind). Obviously, it does not make sense that correctional officers would allow an inmate to possess a razor blade in their presence, as that would subject *them* to potential attack. Moreover, there is no indication in the Complaint that the guards present did not immediately come to Plaintiff's aid when he was attacked, and, indeed, he was apparently saved from more serious injury by their quick response. ECF No. 1 at PageID #: 32. Plaintiff's assertion is thus fundamentally implausible, conclusory, and fails to state a claim for relief.

Further, while Plaintiff appears to imply a conspiracy claim, such a claim fails for the same reason. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir.2000). To state a claim that survives screening, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim. *Twombly*, 550 U.S. 544, 555 n. 3; *see also Iqbal*, 556 U.S. at 678 (the court need not accept threadbare recitals of the elements of a cause of action supported by conclusory statements). A sufficient claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint fails to state a claim for relief. *Id*. at 679. In the context of an illegal conspiracy, a sufficient complaint must contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*,

(4:13CV02853)

550 U.S. at 556. Conspiracy claims must be pled with specificity, and vague and conclusory allegations unsupported by facts are insufficient to state a such a claim. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir.2009) (citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir.1987)). Plaintiff has not pled a valid conspiracy claim under these standards.

Finally, Eighth Amendment liability cannot be predicated solely on negligence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Id.* Even liberally construed, the Complaint does not contain allegations reasonably suggesting any of the Defendants acted with a degree of culpability greater than negligence.

### IV. Conclusion

For all the foregoing reasons, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a) (3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 April 28, 2014                             /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge